UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER HOLLAND,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:14-cv-00349-JAD-NJK

**Order Directing Response to Petition for Habeas Corpus**

This is a habeas corpus proceeding under 28 U.S.C. § 2254. On August 15, 2014, this court entered an order directing petitioner to show cause why this case should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). ECF No. 5. Petitioner filed his response to that order. Doc. 8. Having considered petitioner's response and relevant court records, the court concludes that petitioner has made a sufficient initial showing of equitable tolling for the 13-day period between the conclusion of the one-year statutory filing period and the date on which his habeas petition was mailed to this court, initiating this case. Accordingly, the respondents will be directed to respond to the petition.

## Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on federal habeas corpus petitions. 28 U.S.C. § 2244(d). Most commonly, the one-year time limitation runs from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state post-conviction relief tolls the period of limitations. 28 U.S.C. § 2244(d)(2).

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v.*

*Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting authority). "The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence." *Id.* at 2565. "Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Downs v. McNeil*, 520 F.3d 1311, 1325 (9th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). The failure to timely file a federal habeas petition "may, in some circumstances, involve a confluence of numerous factors beyond a prisoner's control." *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002). Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Petitioner does not dispute this court's determination that his one-year filing period began on February 11, 2013, the date on which statutory tolling ended with the Nevada Supreme Court's issuance of a remittitur in relation to its denial of state habeas relief. By the same token, he does not dispute that he mailed the habeas petition initiating this action on February 24, 2014, thirteen days beyond the end of the one-year filing period.

He points out, however, that he submitted a previous federal petition that this court received on January 9, 2014. *See* Case No. 2:14-cv-00044-APG-CWH, Doc. 1. That action was dismissed on January 10, 2014, due to petitioner's failure to either pay the filing fee or file an application to proceed *in forma pauperis*. *Id.*, Doc. 2. In the order dismissing the case, this court stated:

> It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely. In this regard, plaintiff at all times remains responsible for calculating the running of the limitations period as applied to his case and properly commencing a timely-filed habeas corpus action.

2

*Id.* at 1.

Petitioner received the order dismissing his earlier case on January 14, 2014. Doc. 8 at 7. Even though that order stated that he was not permitted to file additional documents in that action, petitioner mailed, on January 17, 2014, a motion to proceed *in forma pauperis* (albeit one lacking the required financial certification). *Id.* at 8. According to petitioner, it was not until February 3, 2014, when he received a printout of the docket, that he recognized that Case No. 2:14-cv-00044-APG-CWH had been closed. Thereafter, petitioner diligently attempted to initiate a new action, but he experienced some delay beyond his control in securing time in the law library, which was apparently necessary in order to make the necessary copies of his pleadings and mail them. Doc. 8 at 3-4, 10. Consequently, he was unable to mail the documents necessary to initiate this case until February 24, 2014.

At this stage, based on the response to the show-cause order as discussed above, the court makes an initial finding that petitioner appears to be entitled to equitable tolling because the court, in dismissing his first, timely-filed federal petition without prejudice, suggested that a promptly-filed new petition would also be timely. The court is satisfied that petitioner exercised reasonable diligence in bringing this current action as promptly as possible given the constraints imposed by his incarceration.

## Conclusion

**IT THEREFORE IS ORDERED** that the respondents have until September 17, 2015, to file a response to the petition—including any motion to dismiss.[1] **Any response filed shall comply with these requirements** entered pursuant to Habeas Rule 4:

- Any procedural defenses raised by respondents in this case shall be raised together in

---

[1] Any other request by petitioner for relief by motion is subject to the normal briefing schedule under the local rules.

3

a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss **not** in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

- In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that **petitioner has 30 days from service of the answer, motion to dismiss, or other response to file his reply or opposition**; any other requests for relief by respondents by motion are subject instead to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state-court record exhibits filed in this case by any party must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits must be forwarded to

. . .

the staff attorneys in **Reno**.

Dated this 19th day of June, 2015.

_____
Jennifer Dorsey
United States District Court Judge