UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Holland,<br><br>  Petitioner<br><br>v.<br><br>State of Nevada, et al.,<br><br>  Respondents | 2:14-cv-00349-JAD-NJK<br><br>**Order Granting Motion to Dismiss, Denying Petition and Certificate of Appealability, and Closing Case**<br><br>[ECF No. 6] |

  Pro se state-prison inmate Peter Holland brings this § 2254 petition to challenge his 2010 Nevada burglary convictions and resultant adjudication as a habitual criminal.[1] Respondents move to dismiss Holland's petition, arguing that his claims are either unexhausted, waived by virtue of his guilty plea, or not cognizable on federal habeas review.[2] I agree, so I grant respondents' motion, deny Holland's petition, decline to issue a certificate of appealability, enter judgment for respondents and against Holland, and close this case.

## Background

**A. Holland's state-court convictions and sentence**

  Holland's petition stems from two separate convictions in state court, which the Nevada Supreme Court consolidated on post-conviction appeal. In July and August of 2009, the state filed two criminal complaints against Holland charging him with burglary and related offenses.[3] After separate preliminary hearings,[4] the Justice Court bound Holland over to the Eighth Judicial District

---

[1] ECF No. 6.

[2] ECF No. 16 at 7.

[3] ECF No. 17-1 at 5–6 (amended criminal complaint in Case No. 09F13972X charging Holland with six counts of burglary, one count of grand larceny auto, and two counts of possession of a stolen vehicle); ECF No. 18-2 (criminal complaint in Case No. 09F13470X charging Holland with two counts of burglary).

[4] ECF Nos. 18-1, 17-2.

Court on ten of the eleven charges,[5] the state filed a notice of habitual criminality in each case,[6] and Holland pleaded not guilty on all counts.

In January 2010, the parties entered into a global plea agreement under which Holland pleaded guilty to a single count of burglary in each case.[7] In that written agreement, the state retained the right to argue for habitual criminal treatment and for consecutive sentences.[8] At the end of the change-of-plea hearing, retained counsel Kossack substituted in for appointed counsel Immerman and indicated that he would be arguing at sentencing.[9] The trial court adjudicated Holland a habitual criminal and imposed a 10–25 year sentence on each count to run concurrently. The court entered the judgment of conviction on May 10, 2010; Holland did not appeal.[10]

**B.     Post-conviction proceedings in state court**

In May 2010, Holland filed two separate but identical state post-conviction petitions in the state district court challenging his convictions and raising six grounds for relief.[11] In ground one, he claimed that counsel Immerman was constitutionally ineffective for failing to return Holland's phone calls from September 2009—January 2010, telling Holland that he could not discuss the plea offer with his family, and falsely telling counsel Kossack that Holland had accepted the plea offer.[12] In ground two, Holland claimed that counsel Kossack "railroaded" him into pleading guilty despite the fact that he wanted to withdraw his plea because the pre-sentence investigation report (PSR) was

---

[5] ECF Nos. 17-1, 18-22.  Justice Court Case No. 09F13972X was bound over as Case No. C257911 in state district court, and Justice Court Case No. 09F13470X was bound over as Case No. C257705 in state district court.

[6] ECF Nos. 17-3, 18-3.

[7] ECF No. 17-4.

[8] *Id.* at 2.

[9] ECF No. 17-5 at 13.

[10] ECF Nos. 17-6, 18-7.

[11] ECF Nos. 17-7, 18-8.

[12] ECF No. 17-7 at 9.

inaccurate.[13] In grounds three and four, Holland asserted that counsel was ineffective for failing to raise his mental illness and stage-three cancer diagnosis.[14] Holland next alleged that counsel coerced him to take the plea deal by telling him that he would get a much larger sentence if he did not accept the plea offer and that counsel Immerman told him he could not contact his mother.[15] Finally, in ground six, Holland claimed that the PSR incorrectly stated that he was not eligible for drug treatment or counseling.[16]

The state district court appointed counsel to represent Holland, who filed a supplemental petition on Holland's behalf, alleging that counsel Immerman was ineffective because he failed to investigate Holland's case, failed to communicate with Holland, and failed to move to suppress Holland's incriminating statements to Officers Catricala and Nickell; that counsel Kossack was ineffective because he prevented Holland from withdrawing his guilty plea by threatening to withdraw as counsel; and that the justice court improperly denied Holland counsel of his choice when it denied his motion to continue the preliminary hearing.[17] On February 23, 2012, the state district court issued separate orders denying the petitions.[18]

With the assistance of counsel, Holland appealed the state court's denial of his petitions, asserting that the district court erred when it refused to hold an evidentiary hearing on his post-conviction claims[19] and that his trial counsel was ineffective for failing to investigate his mental-health issues, failing to object and file motions—which resulted in invalid guilty pleas—and

---

[13] *Id.* at 10.

[14] *Id.* at 11–12.

[15] *Id.* at 13.

[16] *Id.* at 14.

[17] *See* ECF No. 17-9. It appears that Holland moved to continue the preliminary hearing in Justice Court Case No. 09F13972X, ECF No. 17-2 at 3. The preliminary hearing in Justice Court Case No. 09F13972X was held ten days earlier. ECF No. 18-1.

[18] ECF Nos. 17-11, 18-12.

[19] ECF Nos. 17-19 at 9, 18-13 at 9.

3

objecting to PSR errors in a memorandum rather than correcting the PSR itself.[20]

In January 2013, the Nevada Supreme Court consolidated and denied Holland's identical post-conviction appeals. It rejected Holland's claim that the district court erred by refusing to hold an evidentiary hearing because the district court minutes showed that Holland's post-conviction counsel stated that he would "submit on the briefs."[21] The court also rejected Holland's ineffective-assistance-of-trial-counsel claims, recounting that the district court determined that Holland's allegations lacked the requisite factual specificity, that he failed to demonstrate either that counsel's performance was deficient or that he suffered prejudice as a result, and that his pleas were entered freely, voluntarily, and knowingly.[22] The court concluded that the lower court "did not abuse its discretion by not conducting an evidentiary hearing and did not err by denying Holland's habeas petitions" and affirmed the district court's decision.[23] Remittitur issued on February 11, 2013, and Holland dispatched his federal habeas petition on February 22, 2014.[24]

On August 15, 2014, I ordered Holland to show cause why this case should not be dismissed as untimely.[25] Holland timely responded to that order, and on June 19, 2015, I found that he had made a sufficient initial showing of equitable tolling for the 13-day period between the conclusion of the one-year statutory filing period and the date he dispatched his federal petition, so I ordered the respondents to respond to the petition.[26] Respondents now move to dismiss, arguing that Holland's petition contains unexhausted claims, alleges claims that he waived when he pleaded guilty, and

---

[20] ECF Nos. 17-19 at 11–13, 18-13 at 11–13.

[21] ECF No. 18-15 at 3.

[22] *Id.* at 2–3.

[23] *Id.* at 3.

[24] ECF No. 6.

[25] ECF No. 5.

[26] *See* ECF No. 11.

raises claims that are not cognizable in federal habeas corpus.[27]

## Discussion

### A. Exhaustion under 28 U.S.C. § 2254

A federal habeas petitioner first must exhaust state-court remedies on a claim before presenting that claim to the federal court.[28] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[29] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[30] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[31] A petitioner must alert the state court to the fact that he is asserting a federal claim;[32] mere similarity between a state-law claim and a federal-law claim is insufficient.[33]

### B. Ground one is unexhausted.

In ground one, Holland argues that his trial counsel was ineffective for failing to communicate with him from September 2009–January 2010, that counsel Immerman was ineffective for pressuring him into taking the plea so that he could "wash" his hands of the case; that counsel Kossack was ineffective for threatening to withdraw if Holland did not accept the plea; and that counsel was ineffective for failing to meet with Holland in violation of NRCP 14, failing to conduct reasonable discovery, failing to investigate his case, and failing to move to suppress Holland's

---

[27] *See* ECF No. 16.

[28] 28 U.S.C. § 2254(b)(1)(A).

[29] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[30] *See e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[31] *See Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[32] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[33] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

statements to Officers Catricala and Nickell.[34] Holland also alleges that he was denied counsel of his choice when the state justice court refused to continue his preliminary hearing.[35]

Though Holland raised the bulk of these claims in his state post-conviction petitions, he never presented them to the Nevada Supreme Court. In his post-conviction appeal, Holland baldly alleged that his counsel failed to properly object and file motions, which resulted in an invalid guilty plea, and that counsel failed to investigate his mental illness.[36] But Holland did not allege any of the facts supporting these claims to the Nevada Supreme Court, i.e., he did not identify what objections or motions his counsel should have made. And Holland did not make any claims about his counsel's lack of communication and purported "railroading" on post-conviction appeal or raise the justice court's refusal to continue his preliminary hearing.[37] I therefore find that all of ground one is unexhausted because Holland did not fairly present any of these claims to the state's highest court.[38]

---

[34] ECF No. 6 at 1–7.

[35] *Id.* at 9–10.

[36] In his post-conviction appeal, Holland makes some broad references to both of his state habeas petitions, but it appears that the Nevada Supreme Court considered only the three broad claims that he explicitly raised in that appeal: "that the district court erred by denying his petitions without conducting an evidentiary hearing and by not finding counsel ineffective for (1) failing to lodge objections and file motions, resulting in the entry of invalid guilty pleas, (2) failing to address his mental health issues and obtain a diagnosis, and (3) objecting in a sentencing memorandum to an error in his presentence investigation report and not correcting 'the PSI itself.'" ECF No. 18-15 at 2 (Nevada Supreme Court order of affirmance identifying Holland's claims).

[37] Holland's preliminary-hearing claim fails for the additional reason that there is no federal constitutional right to a preliminary hearing, so errors during a preliminary hearing are not cognizable on federal habeas review. *Ramirez v. State of Ariz.*, 437 F.2d 119 (9th Cir. 1971), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988).

[38] Even if Holland's ineffective-assistance-of-counsel claims were exhausted, Holland would need to show that counsel's performance fell below objective standards of reasonableness and that, but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1996). For example, he would need to show that counsel's advice to plead guilty without first moving to suppress his statements was deficient and that, but for that advice, he would not have pleaded guilty.

I note that this would be a difficult showing to make given that Holland was pulled over while driving the stolen Lincoln that formed the basis for several of the charges in Case No. C257911,

**C.   Grounds two and three are unexhausted, and ground four is not cognizable on federal habeas review.**

Holland next alleges that his trial counsel was ineffective for failing to object to the state's leading questions at the preliminary hearing.[39] Holland did not raise his counsel's alleged failure to object to leading questions in his initial or supplemental state habeas petition.[40] And, although Holland's post-conviction appeal vaguely mentions counsel's failure to properly object and file motions, it does not mention his trial counsel's alleged failure to object to leading questions at his preliminary hearing.[41] In short, Holland wholly failed to raise this claim to any state court, let alone the Nevada Supreme Court. In ground three, Holland alleges that he pleaded guilty in the first burglary case only because of counsel's failure to suppress his confessions in the second burglary case.[42] Like ground two, Holland did not raise this claim in his initial-review collateral proceedings or on appeal, and it is therefore unexhausted.

In ground four, Holland claims that the state district court erred by denying him an evidentiary hearing on his post-conviction claims.[43] Holland raised this claim on post-conviction appeal.[44] But, as respondents point out, "a petition alleging errors in the state post-conviction review

---

including the burglary charge that he pleaded guilty to. ECF No. 17-4 at 2, 8–9. During that stop, a key to a Chrysler that had been recently reported stolen was discovered in his pocket. Thus, even if Holland's counsel could have suppressed Holland's statements admitting that he stole the Lincoln and that he had been inside of the Chrysler to look for valuable items, it is unlikely that Holland would have insisted on going to trial. Notably, neither of the statements that Holland argues his counsel should have moved to suppress relates to the charges in Case No. C257705, including the burglary charge he pleaded guilty to. ECF No. 18-4 at 8–9.

[39] ECF No. 16.

[40] ECF Nos. 17-9, 17-7.

[41] ECF No. 18-13 at 11–12.

[42] ECF No. 6 at 18.

[43] *Id.* at 20.

[44] ECF No. 18-13 at 9–10.

7

process is not addressable through habeas corpus proceedings."[45]  Because ground four rests on alleged errors in his state post-conviction proceedings, it is not cognizable on federal habeas review.

**D.     Grounds five and six are unexhausted.**

In ground five, Holland claims that his counsel was ineffective for failing to correct inaccuracies in the PSR: (1) the statement that he was "discharged and released" in May of 2008 should have been corrected to reflect that he was paroled in February 2007, and (2) the statement that he attended drug treatment should have been deleted.[46]  In his post-conviction appeal, Holland alleges that his counsel was deficient for objecting to errors in the PSR in a sentencing memorandum rather than "in the PS[R] itself;"[47] he does not identify the complained-of errors.  Because Holland did not identify the factual basis for claim five to the Nevada Supreme Court, it, too, is unexhausted.

Finally, in ground six, Holland alleges that his trial counsel was ineffective for leading him to "believe that if [he] didn't take the plea agreement a much longer sentence would be imposed" and that he could not contact his mother.[48]  Neither of these allegations appears in Holland's post-conviction appeal, so claim six is therefore also unexhausted.[49]

**E.     I decline to issue a certificate of appealability.**

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."[50]  When a district court denies a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[45] *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

[46] ECF No. 6 at 21.

[47] ECF No. 18-13 at 12.

[48] ECF No. 6 at 23.

[49] It is also likely true that, had Holland proceeded to trial and been found guilty on all ten charges, he would have faced a longer sentence than that contemplated by his plea deal under which he pleaded guilty to only two charges.

[50] 28 U.S.C. § 2253(c).

debatable whether the district court was correct in its procedural ruling."[51] Because I do not find that reasonable jurists would debate my procedural rulings on Holland's claims, I decline to issue a certificate of appealability.[52]

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **respondents' motion to dismiss [ECF No. 16] is GRANTED, Holland's petition is DENIED, and I decline to issue a certificate of appealability.**

The Clerk of Court is directed to enter judgment for respondents and against Holland and to CLOSE THIS CASE.

Dated September 12, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[51] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

[52] The Ninth Circuit recently held that the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that includes solely unexhausted claims. *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016). But Holland has not requested a stay and abeyance, and I am not required to sua sponte consider whether a *Rhines* stay is appropriate. *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). I also do not find that Holland's claims are not "plainly meritless" as is required for granting a stay. *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").